CATHERINE TEARS agt. BARENT VAN BUREN.
Same agt. BARENT VAN BUREN, JR.

Where a suit was commenced against A. B., and the declaration served on him, and he appeared and pleaded in the suit, where plaintiff's attorney ascertained that the declaration had been served on the wrong person; the suit was intended to have been commenced and declaration served on A. B., Jr.; and plaintiff's attorney informed defendant's attorney that it was a mistake, and requested the pleadings changed to the suit against A. B., Jr., and the defendant's attorney afterwards pleaded and defended for A. B., Jr. Held, that the information or notice to defendant's attorney was not a discontinuance of the first suit, and defendant had a right to go on and enter judgment for costs of *non pros.;* and such judgment was allowed to be set off against the judgment which was recovered by plaintiff against A. B., Jr., he having become the assignee of the first judgment before the judgment in the second suit was perfected.

*April Term,* 1846.

MOTION by defendant in the second cause to have the judgment in the first cause set off against the judgment in the second cause.

On the 20th November, 1844, judgment of *non pros.* was perfected in the first above entitled cause in favor of the defendant for $25.70 costs. On the 19th September, 1845, a verdict was rendered in favor of the plaintiff in the second

entitled cause for $87.15, and judgment perfected on the 10th of January, 1846, for $142.49 damages and costs. On the 22d September, 1845, defendant's attorney served a notice on the plaintiff and her attorney in the second cause, that Barent Van Buren, Jr., was then the owner as assignee of the judgment in the first cause, and offered to set off that judgment (without motion) against the verdict or judgment to be entered thereon in the second cause, which offer was not complied with by plaintiff. Defendant's attorney stated that he did not know that the judgment in the second cause had been entered until the 23d or 24th of January last.

It appeared, in opposition to the motion, that the suit in the first cause was commenced on a draft upon E. & J. Galatian, signed "Barent Van Buren," payable to the order of the plaintiff. At the time the draft was made, the drawer resided in Orange county, and when the suit was commenced he had removed to Columbia county, and the sheriff of Columbia county served the declaration on Barent Van Buren, the father of *the drawer. After plaintiff's attorney [*153] had received a plea and notice from defendant's attorney, he discovered that the declaration had been served on the wrong person, and then wrote to defendant's attorney informing him of the mistake, and that he did not intend to commence a suit against Barent Van Buren, Senior, and offered to transfer the pleadings to the suit intended to be commenced against the son. Plaintiff's attorney afterwards received pleas from defendant's attorney in the suit which plaintiff's attorney had commenced against Barent Van Buren, defending as Barent Van Buren, Jr.

Plaintiff's counsel insisted that defendant went on in the first suit, after he had notice that the declaration was served on the wrong person, in bad faith.

C. L. MONELL, *defendant's counsel.*
H. HOGEBOOM, *defendant's attorney.*
A. TABER, *plaintiff's counsel.*
C. BORLAND, *plaintiff's attorney.*

BEARDSLEY, Justice. Held that the information or notice given by plaintiff's attorney to defendant's attorney, of the mistake, was not a discontinuance of the first suit, and defendant had a right to go on and enter his judgment for costs.

Motion granted, without costs.